**REMAND / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-1333-GW-KSx | Date | April 1, 2020 |
|---|---|---|---|
| Title | *Raul Duenas v. FCA US LLC, et al.* | | |

Present: The Honorable GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None Present  None Present

**PROCEEDINGS: IN CHAMBERS - RULING ON PLAINTIFF'S MOTION FOR REMAND TO LOS ANGELES COUNTY SUPERIOR COURT [17]**

Attached hereto is the Court's Ruling. The Court GRANTS Plaintiff's Motion.

:

Initials of Preparer JG

*Duenas v. FCA US, LLC, et al.*, Case No. 2:20-cv-01333-GW-(KSx)
Ruling on Motion for Remand to Los Angeles County Superior Court

**I. Background**

FCA US LLC ("FCA") removed this action to this Court on February 10, 2021, asserting this Court's subject matter jurisdiction based upon complete diversity pursuant to 28 U.S.C. § 1332(a)(1). At the time of removal, FCA was the only named defendant, and the Complaint contained only statutory claims for violation of various subsections of California Civil Code §§ 1791.1, 1791.2, 1793.2, and 1794, including claims for breach of express warranty and breach of the implied warranty of merchantability, all involving a vehicle FCA allegedly manufactured and/or distributed.

On February 21, 2020, one day after FCA filed its Answer, *see* Docket No. 8, plaintiff Raul Duenas ("Plaintiff") filed – pursuant to his right to do sue under Federal Rule of Civil Procedure 15(a)(1)(B) – a "First Amended Complaint for Violation of Statutory Obligations" ("FAC"), *see* Docket No. 11, adding Cerritos Dodge, Inc. dba Cerritos Dodge Chrysler Jeep Ram ("Cerritos") as a defendant, and adding a single claim for "negligent repair" (making the full title of the FAC a misnomer) pled only against Cerritos. Plaintiff now moves to remand, arguing both that FCA did not satisfactorily demonstrate a basis for removal and that, because of the addition of Cerritos, diversity is destroyed, terminating this Court's subject matter jurisdiction. Pursuant to Local Rule 7-15, the Court issues this ruling without holding oral argument.

**II. Analysis**

To begin with, the Court rejects the two grounds Plaintiff has identified[1] in arguing that FCA did not properly remove the action. FCA properly alleged that Plaintiff is a citizen of California based upon Plaintiff's own allegation of his residence in California. *See* Notice

---

[1] The real defect in FCA's removal paperwork is that it failed to properly account for its own citizenship, as a limited liability company. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). FCA's Notice of Removal only clarified that FCA has one member, which is itself a limited liability company, and then only states that member limited liability company's state of organization and principal place of business as opposed to identifying the member(s) of that organization and their own citizenship(s) (under the appropriate test, as applicable). *See* Notice of Removal ¶ 5. If the Court did not remand the action due to the addition of Cerritos as a diversity-destroying defendant, FCA would be required to supplement its showing on removal in this regard, taking into account the proper citizenship test for such an entity.

1

of Removal ¶ 4 (citing Complaint, ¶ 2). Once FCA alleged Plaintiff's citizenship, it became incumbent upon Plaintiff to prove that allegation untrue, which he has made no effort to do here.

As for the amount-in-controversy, taking into consideration Plaintiff's request for a civil penalty pursuant to California Civil Code § 1794(c), that alone easily surpasses the amount-in-controversy requirement for traditional diversity-based subject matter jurisdiction where the purchase-price of the vehicle in question was $54,586.55. *See* Complaint ¶¶ 6-7; *see also* Cal. Civ. Code § 1794(c) (allowing for recovery of a civil penalty of "two times the amount of actual damages"); *id.* § 1793.2(d)(2)(B) (allowing, in the case of a new motor vehicle, restitution-based recovery in the amount "equal to the actual price paid or payable by the buyer"). The Court only considers what a plaintiff's complaint puts in-controversy, not what a plaintiff is ultimately likely to recover or whether a defendant likely has a defense that will preclude some or all of that recovery. *See Schunk v. Moline, Milburn & Stoddard Co.*, 147 U.S. 500, 505 (1893) ("In short, the fact of a valid defense to a cause of action, although apparent on the face of the petition, does not diminish the amount that is claimed, nor determine what is the matter in dispute; for who can say in advance that that defense will be presented by the defendant, or, if presented, sustained by the court?"); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("[T]he amount in controversy is the 'amount at stake in the underlying litigation,' and therefore 'the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails.'") (quoting *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 417-18 (9th Cir. 2018)); *Riggins v. Riggins*, 415 F.2d 1259, 1261-62 (9th Cir. 1969); *Cain v. Hartford Life & Accident Ins. Co.*, 890 F.Supp.2d 1246, 1249 (C.D. Cal. 2012) ("'The ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what a defendant will *actually owe*.'") (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008)) (omitting internal quotation marks).

That the Court – at least thus far, *see* Footnote 1, *supra* – determines that FCA properly demonstrated jurisdiction in its removal paperwork does not end the question of whether the matter should be remanded for lack of subject matter jurisdiction. As noted earlier, Plaintiff permissibly amended his Complaint to add Cerritos as a defendant to a negligent repair claim in his FAC. There is no dispute that Cerritos is a non-diverse

defendant.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In other words, where a non-diverse person or entity is permissibly substituted for a "Doe" defendant after removal, diversity jurisdiction is destroyed and the action must be remanded to state court. Thus, Section 1447(e) gives this Court only two options here – either remand the action to state court or "deny joinder." *See Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). The Court retains the power to deny the "joinder" of Cerritos even though it was accomplished due to an amendment as of right under Rule 15(a)(1)(B). *See* Phillips & Stevenson, RUTTER GROUP PRAC. GUIDE, FEDERAL CIV. PRO. BEFORE TRIAL (The Rutter Group 2020) ("Phillips & Stevenson"), ¶ 2:3644.

A leading practice guide has identified a number of factors that should be taken into account by a district court in exercising its discretion under Section 1447(e): 1) whether the entity sought to be joined is an entity whose presence is "needed for just adjudication" and would be ordered joined under Federal Rule of Civil Procedure 19(a); 2) whether, if joinder is denied, an action against the new defendant in state court would be barred by the statute of limitations; 3) whether there has been an unexplained delay in seeking joinder; 4) whether it appears that Plaintiff is simply seeking to join a party solely for purposes of destroying diversity; 5) whether the claim against the proposed party appears valid; and 6) whether there is any prejudice that could befall the plaintiff if the amendment is denied. *See* Phillips & Stevenson, ¶¶ 2:3645-3651; *see also, e.g.*, *Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016, 1020 (C.D. Cal. 2002). Some district courts have analyzed additional factors as well. *See Murphy v. Am. Gen. Life Ins. Co.*, 74 F.Supp.3d 1267, 1278 (C.D. Cal. 2015) (considering also "the closeness of the relationship between the new and the old parties," "the effect of an amendment on the court's jurisdiction," and "the new party's notice of the pending action").

The Court begins its assessment with two seemingly-undisputed observations. First, the claim against Cerritos appears valid, or at least FCA has not identified any reason why

Cerritos is not a proper defendant in this action or why a negligence claim could not lie against it. If Cerritos negligently repaired Plaintiff's vehicle, that is of course a source of liability, irrespective of whether FCA would be liable on any of the statute-based claims Plaintiff included in his original Complaint. Second, there would be no apparent statute-of-limitations bar if Plaintiff were forced to proceed against Cerritos in a new, separate, action in state court.[2] The first of these observations favors allowing the addition of Cerritos (and thus remand), while the second at least slightly disfavors it.

The second observation obviously contemplates, however, the need to proceed with a second, likely substantially-overlapping, action in state court. Plaintiff argues that this would prejudice him. Of course, as FCA points out, to the extent this would constitute "prejudice" to Plaintiff, it would largely be prejudice of his own making considering his failure to name Cerritos as a defendant in the original Complaint. The Ninth Circuit has affirmed – under the abuse-of-discretion review standard – a district court's decision to deny joinder where just such a second-lawsuit situation would result (and other factors supported the decision). *See Newcombe*, 157 F.3d at 691. Because of the lack of any real, significant, prejudice (that would not be attributable to Plaintiff himself), the Court therefore concludes that this factor weighs if only slightly in favor of denying Plaintiff the ability to add Cerritos here. However, the need for duplicative litigation would not only prejudice Plaintiff, it would also violate principles of judicial economy, requiring two courts in two different jurisdictions/venues to address largely-overlapping facts. There is also a risk of conflicting verdicts.

With respect to the timing of Plaintiff's decision to add Cerritos to this case, the Court perceives no *significant* delay (coming 74 days after he initially filed suit, and 11 days

---

[2] Plaintiff initially attempts to argue that FCA cannot meet the "fraudulent joinder" standard for Cerritos's proper presence in the action. But the fraudulent joinder doctrine is applied to an *existing* defendant *as of the time of the removal* in order to attempt to discern whether that defendant is a "sham" defendant. *See Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016, 1019 n.2 (C.D. Cal. 2002). Here, Plaintiff added Cerritos as a defendant *after* removal. Therefore, the issue is simply assessed by way of a normal analysis under Section 1447(e) – an analysis that does not contemplate the fraudulent joinder doctrine. *See Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677-78 (5th Cir. 1999); *see also* Phillips & Stevenson, RUTTER GROUP PRAC. GUIDE: FEDERAL CIV. PRO. BEFORE TRIAL (The Rutter Group 2017), ¶ 2:3658; *cf. Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (concluding, in the course of determining jurisdiction at the time of removal, that non-diverse party named in state court action may be disregarded if federal court determines that party's joinder is a "sham" or "fraudulent" such that no possible cause of action has been stated against that party).

4

after removal), although Plaintiff – at least in his initial moving papers[3] – gave no reason for *any* delay in identifying Cerritos as – as he asserts it – one of the originally-named "Doe" defendants. Indeed, the original Complaint clearly raised the attempted and insufficient repair of the vehicle as an issue, and surely he was aware of where he took his vehicle for repair. *See* Complaint ¶¶ 14-15, 21, 27. There is thus at least a strong possibility that Plaintiff added Cerritos simply to defeat federal jurisdiction. Yet, the Court does not agree with FCA that the mere fact that Plaintiff brought up the non-diverse citizenship of Cerritos when he sought a stipulation from FCA to remand demonstrates Plaintiff's "clear intent" to add Cerritos solely for the purposes of defeating diversity. Once Plaintiff added Cerritos by amending as of right under Rule 15(a)(1)(B), it is no surprise that Plaintiff sought a stipulation to remand; of course, it is also no surprise that FCA declined that proposed stipulation. Though the Court does not see clear evidence of intent solely to manipulate jurisdiction via the amendment, the lack of a convincing explanation for the delay does not weigh in his favor here.

All that being said, the addition of Cerritos gives Plaintiff an entirely separate claim/theory on which to recover in the case – negligence – and allows Plaintiff to at least explore more forcefully the possibility that injury was suffered at the point-of-repair as opposed to FCA's simple alleged warranty failure. If Cerritos was indeed the negligent party, recovering *against FCA* for that negligence would require Plaintiff to establish some sort of agency relationship, which he may or may not be able to do. *See* Footnote 3, *supra*. In that light, it is conceivable that one might conclude that Cerritos would be considered necessary for just adjudication under Rule 19(a) of the Federal Rules of Civil Procedure because Plaintiff might otherwise not be able to obtain "complete relief." Still, the available case law suggests that this is not necessarily the correct conclusion or way of assessing that question. *See, e.g.*, *Ward v. Apple Inc.*, 791 F.3d 1041, 1049 (9th Cir. 2015) ("If the Plaintiffs prevail, they will be able to recover all of their damages from Apple alone, without naming ATTM as a party. Accordingly, ATTM is not a required party under Rule 19(a)(1)(A).")

---

[3] Though he offered no explanation in his initial moving papers for why he delayed in naming Cerritos a party, in his Reply brief Plaintiff asserts – albeit without citation to any evidentiary support – that "[d]uring the time between the filing of the Complaint and the [FAC], Plaintiff was able to gather facts regarding the corporate structure of . . . Cerritos . . . wh[ich] is operating as [a] dba, and determine that it was not a subsidiary or the alter-ego of . . . FCA." Docket No. 20, at 6:5-8.

5

(omitting internal citation); *see also Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004) (indicating that Rule 19(a)(1)(A) "complete relief" analysis "is concerned with consummate rather than partial or hollow relief *as to those already parties*, and with precluding multiple lawsuits on the same cause of action") (omitting internal quotation marks) (emphasis added) (quoting *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983)); *Tinoco v. San Diego Gas & Elec. Co.*, 327 F.R.D. 651, 658-59 (S.D. Cal. 2018) (indicating that the mere possibility of indemnity between current defendant and proposed defendant does not meet the requirements of Rule 19's "complete relief" analysis).[4] Analysis under Rule 19(a), therefore, does not favor Plaintiff's position on amendment.

The Court will exercise its discretion to allow Plaintiff's amendment adding Cerritos as a defendant. As stated, there is no indication that Plaintiff presents a non-viable theory or claim by way of his addition of Cerritos to the action. It allows Plaintiff to explore – in a single action, without the need to burden two separate courts with essentially the same facts – where the fault, if any, actually lies with respect to the condition of Plaintiff's vehicle. While the explanation behind Plaintiff's addition of Cerritos to the action at this stage is perhaps less-than-convincing, so too is FCA's evidence that Plaintiff waited until this moment *solely* to destroy this Court's subject matter jurisdiction. In any event, Plaintiff added Cerritos to the action only a few days after removal, meaning that he did not wait for substantive proceedings in this Court to commence before doing so.

### III. Conclusion

In sum, the Court allows Plaintiff's filing of the FAC and, because it adds a non-diverse defendant to the action, grants Plaintiff's motion to remand for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(e).

---

[4] The decision in *Forward-Rossi v. Jaguar Land Rover North America, LLC*, No. 2:16-cv-00949-CAS (KSx), 2016 WL 3396925, *3 (C.D. Cal. June 13, 2016), relied upon by Plaintiff, did not explain why complete relief could not be afforded in the case (despite admitting such a conclusion was required even in the relaxed Rule 19 analysis that court determined was applicable in the Section 1447(e) context).